### VENNER v. GRAVES.

(Circuit Court of Appeals, Second Circuit.   December 11, 1919.)

#### No. 124.

COURTS ⬅351½—JURISDICTION—ANCILLARY SUIT—EFFECT OF DISMISSAL OF ORIGINAL SUIT.

    A bill by defendant in an action in a federal court, with service on attorneys for plaintiff, who is a nonresident, to enjoin plaintiff from maintaining actions in other jurisdictions on the same cause of action, is ancillary, and falls with dismissal by plaintiff of the original action.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Clarence H. Venner against Edward B. Graves. From an order denying a preliminary injunction, complainant appeals. Affirmed.

E. N. Zoline, of New York City, for appellant.
Simpson, Thacher & Bartlett, of New York City, for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge.   August 21, 1918, Graves began an action at law in the United States District Court for the Southern District

of New York against Venner, the summons being placed in the hands of the marshal, but not served. September 16, the defendant Venner voluntarily entered his appearance in the case.

August 23, Graves began another action in the superior court of New Haven county, Conn., by attaching 200 shares of stock of the New York, New Haven & Hartford Railroad Company standing in Venner's name. September 17, Graves began another action in the Supreme Court of the state of New York, the summons being served on Venner that day.

September 16, Venner filed this bill, subsequently amended by leave of the court so as to include among other things an allegation of the bringing of the action in the state court of New York. The subpoena was served upon the attorneys for Graves in the action at law in the Southern district of New York; he being a nonresident and not within the jurisdiction of the court.

The complainant alleges that the three suits are all to recover for the same cause of action, viz. professional services rendered by Graves to Venner, and the prayer for relief is that Graves be restrained from the further prosecution of the actions begun subsequent to the first action in the District Court for the Southern District of New York.

This is an appeal from the order of Judge Hough denying Venner's motion for a preliminary injunction.

Counsel for Venner very frankly concedes, though it does not appear in the record, that after appeal taken Graves discontinued the action at law in the District Court; but he contends the discontinuance of the action does not affect in any way the jurisdiction of the court over the suit in equity. He relies upon decisions under the statutes regulating suits which depend upon the citizenship of the parties, holding that jurisdiction good because the citizenship when the action was begun cannot be affected by any subsequent change of citizenship. This in no way affects the right of a plaintiff to discontinue an action after it has been brought, which the plaintiff in this case has done. The bill in equity, being ancillary to and dependent upon the action at law, does not survive, but falls with it. Such a result is particularly appropriate in the present case; the theory of the bill being that, though the plaintiff has a right to choose the forum into which he will bring the defendant, he ought not subsequently to bring him into other courts for the same cause of action. What reason is there to ask for this restraint, when the first action has been discontinued? If Graves prefers the court of Connecticut or of New York, this court has no original jurisdiction to prevent him from suing there. Other interesting questions discussed by counsel need not be considered.

The judgment is affirmed.